1 Garrett S. Garfield, WSBA No. 48375                    Hon. Mary Jo Heston
  E-mail: garrett.garfield@hklaw.com                     Chapter 11
2 HOLLAND & KNIGHT LLP                                   Hearing Date: March 20, 2024
  601 SW Second Avenue, Suite 1800                       Hearing Time: 9:00 a.m.
3 Portland, Oregon 97204                                 Hearing Location: ZoomGov
  Telephone: 503.243.2300                                Response Date: n/a
4 Fax: 503.241.8014

5 *Attorneys for Cerner Middle East Limited*

6                 UNITED STATES BANKRUPTCY COURT

7         FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

8  In re:                                    Case Nos:

9  VANDEVCO LIMITED and ORLAND LTD.,         20-42710-MJH (Lead Case)

10                            Debtors.        20-42711-MJH (Jointly administered under
                                              Case No. 20-42710-MJH)
11

12                                            Chapter 11

13                                            **CERNER MIDDLE EAST
                                              LIMITED'S REQUEST FOR
14                                            DISCOVERY SANCTIONS
                                              (SUBMITTED IN ADVANCE OF
15                                            EMERGENCY HEARING ON
                                              MARCH 20, 2024)**
16

17

18         NOW COMES Cerner Middle East Limited ("**Cerner**"), by and through its counsel

19 Holland & Knight LLP, and makes the following submission in advance of the status conference

20 scheduled by the Court for March 20, 2024, as authorized by the Court's Order Setting Status

21 Conference (ECF No. 1323). Cerner requests that the Court enter sanctions pursuant to Fed. R.

22 Civ. P. 37 (as incorporated by Fed. R. Bankr. P. 7037 and 9014(c)) against the Debtors Vandevco

23 Limited ("**Vandevco**") and Orland Ltd. (together, "**Debtors**") in response to their untimely and

24 prejudicial production of tens of thousands of pages of materials, in violation of this Court's

25 previous Order on Motions to Compel requiring that these materials be produced by a specific date

26 (*See* ECF No. 691; *see also* ECF No. 937 (extending deadline to May 1, 2023).)

CERNER MIDDLE EAST LIMITED'S                          **HOLLAND & KNIGHT LLP**
REQUEST FOR DISCOVERY SANCTIONS: CASE NO. 20-         601 SW Second Avenue, Suite 1800
42710-MJH– PAGE 1                                     Portland, Oregon 97204
                                                      Telephone: 503.243.2300

Case 20-42710-MJH   Doc 1325   Filed 03/18/24   Ent. 03/18/24 17:32:37   Pg. 1 of 13

1    Cerner requests specifically that the Court enter an order precluding the Debtors and their

2    experts from:

3         (1) relying on or introducing any of the belatedly-produced materials;

4         (2) presenting any testimonial or documentary evidence based on such materials; and

5         (3) from opposing Cerner's introduction or characterization of any such materials to

6    support Cerner's claim.

7    (To be clear, such materials can be easily identified as all those having a bates number of

8    BELB0066094 or higher.)

9         Such relief is in accord with this Court's existing Order on Motions to Compel, which

10   precluded the Debtors from presenting testimonial or documentary evidence based on

11   electronically stored information that the Debtors had failed to preserve or produce, unless such

12   material were *timely* produced. (*See* ECF No. 691 at 16.) Moreover, even if Cerner is able to

13   accomplish a reasonable review of the new materials (at a significantly higher cost), it would

14   nonetheless be precluded from using them in depositions, and will be forced to incorporate them

15   into its trial strategy on a rushed basis without the benefit of full discovery. Numerous authorities

16   hold that this circumstance creates prejudice justifying sanctions.

17        Next, Cerner further requests an award of fees and costs under Fed. R. Civ. P. 37(b)(2)(C).

18   In the face of the belated production, Cerner faces significantly higher costs to review the new

19   materials. If the materials had been timely produced, they could have been included in the review

20   of the previously-produced materials using lower cost document review vendors. That is now not

21   possible given the very short timeframe remaining, exacerbating the burden and prejudice to

22   Cerner and justifying an award of fees and costs.

23        Finally, this submission is made on an abbreviated timeframe, both because of the time-

24   sensitive nature of the issue as set out in Cerner's letter to the Court (ECF No. 1317), and in

25   response to the Court's direction authorizing supportive pleadings on a shortened timeframe (ECF

26   No. 1323). Cerner accordingly reserves the right to request further sanctions, including but not

CERNER MIDDLE EAST LIMITED'S
REQUEST FOR DISCOVERY SANCTIONS: CASE NO. 20-
42710-MJH– PAGE 2

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, Oregon 97204
Telephone: 503.243.2300

limited to terminating sanctions under Fed. R. Civ. P 37(b)(2)(A)(v), and any other relief as may be shown to be appropriate by further developments or rulings by the Court.

## **INTRODUCTION**

From the very outset of this matter, the Debtors and Belbadi Enterprises's ("**Belbadi**") obstructive discovery conduct, including spoliation of evidence and outright refusal to participate in discovery, has made this case much more burdensome and cumbersome than necessary. There can be no genuine dispute that Belbadi owes Cerner more than $60 million under the Guarantees, leaving only the question of Belbadi's alter ego relationship with the Debtors. Yet discovery on that issue has been obstructed at every conceivable opportunity, requiring among other things the report of an independent examiner (ECF No. 614), and this Court's subsequent Order on Motions to Compel (ECF No. 691.)

Cerner now once again urgently seeks relief from this Court to counteract the extreme prejudice caused by the Debtors' recent untimely productions, on March 8 and March 13, of close to 60,000 pages of material.[1] These productions appear to contain materials from the UAE that relate to the Debtors assets and liabilities, capital structure, and businesses, which are damaging to the Debtors' positions in the upcoming hearing set for April 29, 2024, but which have not been previously produced. The belated production is in violation of this Court's previous Order on Motions to Compel, which required _timely_ production within 30 days (as later extended to May, 2023). The belated production prejudices Cerner, and imposes significant cost and burden. In the circumstances, sanctions in the form of evidentiary restrictions against the Debtors, as well as an

---

[1] The second production occurred after Cerner had already submitted its emergency request for a hearing to the Court on March 11, 2024.

CERNER MIDDLE EAST LIMITED'S
REQUEST FOR DISCOVERY SANCTIONS: CASE NO. 20-
42710-MJH– PAGE 3

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, Oregon 97204
Telephone: 503.243.2300

1  award of costs and fees to Cerner, is the only feasible remedy to the prejudice caused by the

2  Debtors' untimely production of this huge volume of materials.

3  **JURISDICTION AND VENUE**

4  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  Venue

5  is proper in this District pursuant to  28 U.S.C. § 1410.  The bases for relief are Federal Rule of

6  Civil Procedure 37 (as incorporated by Federal Rules of Bankruptcy Procedure 7037 and 9014(c)).

7  **BACKGROUND**

8  The long history of this matter and the extreme difficulties Cerner has faced in seeking

9  discovery from Debtors and from Belbadi are well known to the Court, and Cerner does not repeat

10  it here. In short, on April 26, 2022, this Court entered its Order on Cerner's Motions to Compel,

11  holding that "Debtors are prohibited from presenting *any* testimonial or documentary evidence that

12  is (1) based on electronically stored information, (2) related to the Debtors' assets and liabilities,

13  capital structure, and businesses (3) previously under their control, (4) that they failed to preserve,

14  and (5) to which Cerner does not have access." (ECF No. 691 at 16.) The Order went on to provide

15  that the evidentiary sanctions would not apply if "prior to the evidentiary hearing and no later than

16  30 days from the date of this Order, the Debtors or Belbadi provide Cerner with such spoliated ESI

17  . . ." (*Id.*)

18  The 30-day deadline in the Court's order was then repeatedly continued, with Cerner's

19  good faith consent, and calendar dates in this bankruptcy were continued in order to permit time

20  for gathering and production of materials from the UAE. On April 14, 2023, the Court entered a

21  further order providing that the deadline for production would be extended to May 1, 2023, and

22  setting a status conference on July 11, 2023. (ECF No. 937). On May 10, 2023, the Debtors,

23  through their e-discovery vendor Kroll, made a production of approximately 38,000 documents

24  gathered from Belbadi in the UAE. (Garfield Decl. ¶ 2.) At the status conference on July 11, 2023,

25  Debtors' counsel then explained that there were "a few minor issues" that the parties were working

26  through. (ECF No. 1010 at 6 (Tr. 5:19–6:9).) Following on counsel's discussion of those minor

CERNER MIDDLE EAST LIMITED'S
REQUEST FOR DISCOVERY SANCTIONS: CASE NO. 20-
42710-MJH– PAGE 4

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, Oregon 97204
Telephone:  503.243.2300

issues, a follow-on production of approximately 125 additional pages was made on August 8, 2023, representing documents where it had appeared that the entire family may not have been produced initially. (Garfield Decl. ¶ 3.)[2] At that time there was no indication that the production was not substantially complete.

Cerner next worked diligently to review the new materials gathered from Belbadi in the UAE, found that many of them were indeed highly relevant and extremely damaging to Debtors' position,[3] and proceeded with further litigation, including depositions of the Debtors' principals, Ziad Elhindi ("**Elhindi**") (on December 18, 2023) and Nawzad Othman ("**Othman**") (on December 19, 2023). (Garfield Decl. ¶ 4.) Other activity in the case—including but not limited to this Court's scheduling of the hearing set for April 29, 2024 and the entry of a case schedule—has likewise proceeded on the assumption that the spoliated UAE materials had been properly gathered and timely produced in accordance with the Court's Order on Motions to Compel (as extended).[4]

However, on Friday, March 8, 2024, just days before the scheduled close of discovery and disclosure of experts, the Debtors then made an enormous production of data comprising over 30,000 pages of documents. (Garfield Decl. ¶ 5.) Cerner promptly raised with the Court the obvious prejudice this untimely production caused by filing an emergency letter on the following Monday, March 11, 2024, along with a proposed order extending the deadlines for expert disclosures in this matter. (*See* ECF No. 1317.)

Debtors then advised that they would be producing yet another supplemental production. On March 13, 2024, the Debtors produced an additional 30,000 pages of material (Garfield Decl.

---

[2] Cerner did not object to the May 10, 2023 or August 8, 2023 productions as untimely, in an effort to accommodate the inherent difficulties in a major production of electronic evidence. However, the more recent productions *are* untimely and in violation of the Court's existing Order requiring timely production.

[3] As just one example, it was revealed that Belbadi's audited financial statements produced annually for more than a decade reflect a large debt owed directly by Vandevco. The Debtors themselves were forced to acknowledge this in their own filings and schedules in this matter. *See* ECF No. 1045-2.

[4] Cerner does not necessarily concede that the initial production was necessarily complete or proper in all respects. However, the production was substantial and did include many relevant items, as noted above.

CERNER MIDDLE EAST LIMITED'S
REQUEST FOR DISCOVERY SANCTIONS: CASE NO. 20-
42710-MJH– PAGE 5

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, Oregon 97204
Telephone: 503.243.2300

¶ 7), bringing the total produced in the last week to approximately 60,000 pages, significantly more than even the substantial initial production in May, 2023 of fewer than 40,000 pages, which was understood to be essentially a complete production of the spoliated UAE materials.

Based on telephone conferrals between counsel, Cerner understands Debtors' position to be that the supplemental productions were the result of some kind of technical glitches that were not realized until after the deposition of Elhindi and Othman and the further motion practice in connection with Cerner's motion to execute on the UAE Judgment against Belbadi. (Garfield Decl. ¶ 6.) In the limited time available, Cerner has not been able to analyze the data to confirm whether that is the case. But, regardless of the reasons, the prejudice to Cerner, as well as the substantial burden and cost, of receiving approximately 60,000 pages of material at the close of discovery is palpable. The situation requires the Court's immediate intervention if the hearing in this matter is to proceed in anything remotely resembling fairness to Cerner and on the current schedule, which it should in order to prevent further waste of estate resources.

## POINTS AND AUTHORITIES

### I.    Applicable Law

Federal Rule of Civil Procedure 37(a)(3)(B) (incorporated here by Federal Rules of Bankruptcy Procedure 7037 and 9014(c)) provides for sanctions for discovery violations, including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; and dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(ii), (iv).

Authorities imposing sanctions under Rule 37—up to and including dismissal—are very clear that belated and prejudicial production of documents is not in keeping with the rules and does not avoid sanctions. Rather, the Ninth Circuit has "squarely rejected the notion that a failure to comply with the rules of discovery is purged by belated compliance." *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 354 (9th Cir. 1995). Similarly, "[l]ast minute tender of documents does not cure the prejudice to the opponents nor does it restore to other litigants on

CERNER MIDDLE EAST LIMITED'S
REQUEST FOR DISCOVERY SANCTIONS: CASE NO. 20-
42710-MJH– PAGE 6

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, Oregon 97204
Telephone:  503.243.2300

1    a crowded docket the opportunity to use the courts." *Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th

2    Cir. 1997).

3        Courts further note that the prejudice from an untimely production arises because it

4    deprives the other party of the opportunity to fairly use the materials in depositions on in

5    connection with trial preparation. *See Curtis v. Illumination Arts, Inc.*, No. C12-0991JLR, 2013

6    WL 6173799, at *17 (W.D. Wash. Nov. 21, 2013) ("Even Defendants' last minute production of

7    additional documents has not remedied Plaintiffs' prejudice. Due to their late production, Plaintiffs

8    have had no opportunity to utilize the documents in depositions or otherwise to flesh out the record

9    . . ."). The same rationale was held to support sanctions of dismissal in *Payne v. Exxon*, where

10    "[t]he issue is not whether [defendants] eventually obtained the information that they needed, or

11    whether plaintiffs are now willing to provide it, but whether plaintiffs' repeated failure to provide

12    documents and information in a timely fashion prejudiced the ability of [defendants] to prepare

13    their case for trial." *Payne*, 121 F.3d at 508.

14        Furthermore, sanctions can be awarded even in the event that violation of an existing order

15    is claimed to be unintentional. *See Lucas Auto. Eng'g v. Bridgestone/Firestone Inc.,* 275 F.3d

16    762, 769 (9th Cir. 2001) (affirming sanctions where party asserted that failure to appear was not

17    intentional); *Krishnan v. Cambria Health Sols. Inc.*, No. 2:20-cv-00574-TL, 2022 WL 1468892,

18    at *3 (W.D. Wash. May 10, 2022) (awarding sanctions after party made a sizable production of

19    documents less than two weeks before the end of the discovery period, which "deprived [the party]

20    of a significant majority of documentary evidence they had a right to when considering and

21    preparing for discovery, including depositions"); *United Artists Corp. v. United Artist Studios*

22    *LLC*, No. 2:19-cv-00828-MWF-MAA, 2019 WL 4640403, at *3-4 (C.D. Cal. Aug. 28, 2019)

23    (rejecting "unintentional delay" as a defense to a belated production and awarding sanctions).

24        Finally, Fed. R. Civ. P. 37(b)(2)(C) provides that in connection with a party's failure to

25    comply with a discovery order: "the court must order the disobedient party, the attorney advising

26    that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure,

CERNER MIDDLE EAST LIMITED'S
REQUEST FOR DISCOVERY SANCTIONS: CASE NO. 20-
42710-MJH– PAGE 7

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, Oregon 97204
Telephone: 503.243.2300

Case 20-42710-MJH    Doc 1325    Filed 03/18/24    Ent. 03/18/24 17:32:37    Pg. 7 of 13

unless the failure was substantially justified or other circumstances make an award of expenses

unjust." Federal courts are also permitted to use their inherent authority to issue sanction awards

for fees and costs even if there is overlap with Fed. R. Civ. P. 37. *See Goodyear Tire & Rubber*

*Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017).

**II.     The Debtors' Belated And Massive Production Violates The Court's Existing Order And Is Extremely Prejudicial—The Court Should Renew The Evidentiary Sanctions It Has Already Entered**

This Court need not reinvent the wheel in considering this latest instance of prejudicial

discovery conduct by the Debtors. Indeed, the Court has *already ruled* on April 26, 2022, that if

the spoliated materials from the UAE were not timely produced within 30 days, the Debtors would

be subject to evidentiary sanctions limiting their presentation of testimonial or documentary

evidence. *See* Order on Motions to Compel (ECF No. 691). That deadline was then extended

repeatedly, with Cerner's good faith consent, to May 1, 2023 (*see* ECF No. 937)[5], and Cerner did

not object to further leeway for the large production of electronic data that ultimately occurred on

May 10, 2023.[6]  However, production of huge amounts of additional data almost nine months later

does not comply with the Court's Order on Motions to Compel. The violation is clear—an

enormous amount of material directly subject to the Court's order was not produced within the

required timeframe.

To the contrary, the Court's deadline for production has long since passed, and the parties

have been litigating for months with the understanding that the Court's Order had been followed,

and that the Debtors had obtained from Belbadi and produced all of the spoliated materials relating

to the Debtors' assets and liabilities, capital structure, and businesses. Cerner expended significant

resources reviewing and digesting the materials that were produced in May, and prepared its trial

strategy accordingly. Crucial depositions have already occurred based on the previous

---

[5] Only the extension of the deadline allowed Debtors to "avoid imposition of evidentiary sanctions."  *Id.* at 2.
[6] Or to the small follow-on production on August 8, 2023 to address some minor issues.

CERNER MIDDLE EAST LIMITED'S
REQUEST FOR DISCOVERY SANCTIONS: CASE NO. 20-
42710-MJH– PAGE 8

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, Oregon 97204
Telephone:  503.243.2300

1  production—including motion practice regarding conducting the depositions in-person, and this

2  case is now rapidly moving toward an April 29, 2024 hearing date.

3    Nor is this a situation where the supplemental productions are relatively minor or simply

4  close off loose ends. Instead, the belated productions represent approximately 60,000 pages of

5  materials, of which Cerner's initial attempts at analytics suggest approximately 70% may be new.

6  Although it has not yet been possible for Cerner to fully examine the newly-produced materials

7  (and will not be possible without considerable time and expense), the limited review that has been

8  able to occur to date shows that there are indeed relevant and damaging materials in the belated

9  production, which have not been previously made available to Cerner. For example:

10  - August 20, 2013 (BELB0070449) and November 26, 2014 (BELB0070992) debt

11   confirmation forms signed by Elhindi on behalf of Vandevco, and confirming the existence

12   of a substantial debt to Belbadi to Belbadi's auditor, KPMG. Moreover the 2013

13   confirmation form is included in a packet of similar confirmations signed by other of

14   Belbadi's direct subsidiaries, strongly suggesting that Elhindi (and therefore Vandevco, of

15   which he was the president) knew that Vandevco and its debt were treated in the same

16   manner as other direct subsidiaries of Belbadi.

17  - April 19, 2017 (BELB0084544) email chain including Elhindi, Othman, Belbadi founder

18   and CEO Ahmed Saeed Al Badi Al Dhaheri ("**Al Badi**"), Kenton Barnes, and others

19   regarding payment of Mr. Barnes's fees from condominium closings, and Union National

20   Bank's (the lender to Belbadi) insistence that "The fees submitted by Vandevco's attorney

21   do not appear to have anything to do with the condominium sales and therefor are not

22   properly taken out of the condo sales." This likewise strongly suggests an instance of funds

23   being improperly diverted from the Belbadi Group corporate structure. The chain also

24   includes directions given _directly_ from Al Badi regarding specific treatment of the legal

25   fees and the dealings with Union National Bank, demonstrating his ongoing control and

26   domination over Vandevco's business.

CERNER MIDDLE EAST LIMITED'S
REQUEST FOR DISCOVERY SANCTIONS: CASE NO. 20-
42710-MJH– PAGE 9

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, Oregon 97204
Telephone: 503.243.2300

Case 20-42710-MJH Doc 1325 Filed 03/18/24 Ent. 03/18/24 17:32:37 Pg. 9 of 13

- June 19, 2017 (BELB0084746) email chain between Othman and Elhindi attaching a "Passive Principal Certificate," dated June 1, 2016, signed by Al Badi, and falsely certifying that he has "limited or no decision making pwer over" the relevant Vandevco subsidiary. Previously, only an unsigned version of this form had ever been produced, and in his 2020 deposition, Othman had stated that he was sure the form had never been signed.

Each of these items are highly relevant to the alter ego relationship between the Belbadi Group and the Debtors. Moreover, they are extremely likely to represent merely the tip of the iceberg, as they are simply the few items Cerner has been able to sift out in the very short time it has had to review the huge volume of documents in the belated production.[7] However, having received these materials only at the close of discovery and very shortly before expert disclosures, Cerner is prevented from introducing them at deposition and fleshing out the record, and from fully and fairly analyzing them in connection with the existing evidence in the case.

These circumstances are exactly those which federal courts in this district have held warrant imposition of sanctions under Rule 37. *See, e.g.*, *Illumination Arts, Inc.*, 2013 WL 6173799, at *17 ("Due to their late production, Plaintiffs have had no opportunity to utilize the documents in depositions or otherwise to flesh out the record . . ."); *Cambria Health Sols. Inc.*, No. 2:20-cv-00574-TL, 2022 WL 1468892, at *3 (W.D. Wash. May 10, 2022) (belated production "deprived [the party] of a significant majority of documentary evidence they had a right to when considering and preparing for discovery, including depositions"); *see also Payne*, 121 F.3d at 508. Finally, the fact that the Debtors' untimely production in this case follows on a previous order finding that they had spoliated these very materials only drives the point home—the prejudice to Cerner is undeniable and can only be rectified by the imposition of evidentiary sanctions against the Debtors.

---

[7] The productions also appear to contain complex and lengthy financial records, including ledgers, contracts, and bank account and financial statements, which are even more difficult to review.

CERNER MIDDLE EAST LIMITED'S
REQUEST FOR DISCOVERY SANCTIONS: CASE NO. 20-
42710-MJH– PAGE 10

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, Oregon 97204
Telephone: 503.243.2300

Case 20-42710-MJH    Doc 1325    Filed 03/18/24    Ent. 03/18/24 17:32:37    Pg. 10 of 13

## III. Cerner Faces Substantial Burden And Costs.

Cerner has been and is continuing to work to onboard, organize, analyze, and review the massive new production of data from the Debtors. But, completing anything like a full and fair review in the time available would dispirit an insomniac, and will involve significant cost and burden that could and should have been mitigated by timely production. If the materials had been properly produced initially, all responsive documents could and would have been subject to initial review using lower cost document review vendors, and with the benefits and efficiencies of a single review. Now, in the limited time remaining this approach is not feasible, introducing unnecessary and elevated costs that will be borne by Cerner.[8]

An award of fees and costs is accordingly necessary and appropriate under Fed. R. Civ. P. 37(b)(2)(C). As explained above, it is plain that the belated production violated both the letter and the spirit of the Court's Order on Motions to Compel (as extended), which required production of the spoliated materials from the UAE by a specific date. An award of fees and costs caused by the untimely production is appropriate because it is "specifically related to the particular claim which was at issue in the order to provide discovery." *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406 n.6 (9th Cir. 1990). Moreover, the recent violation comes after a long history of obstruction and spoliation that has hindered the efficient litigation and resolution of this matter. The cost and burden now lies entirely with Cerner unless this Court takes corrective measures in the form of an award of costs and fees.

## CONCLUSION

In short, Cerner faces extreme and manifest prejudice because of the Debtors' failure to timely comply with this Court's discovery orders. This Court has already recognized that prejudice previously when it ordered evidentiary sanctions against the Debtors for their spoliation of this very evidence, and should renew those sanctions here for the same reasons. Cerner respectfully

---

[8] Not to mention the burden of a huge document review being added to an already-busy trial team.

CERNER MIDDLE EAST LIMITED'S
REQUEST FOR DISCOVERY SANCTIONS: CASE NO. 20-
42710-MJH– PAGE 11

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, Oregon 97204
Telephone: 503.243.2300

requests that the Court grant this motion and enter an order precluding the Debtors and their experts from:

     (1) relying on or introducing any of the belatedly-produced materials;

     (2) presenting any testimonial or documentary evidence based on such materials; and

     (3) from opposing Cerner's introduction or characterization of any such materials to support Cerner's claim.

     Cerner further requests and award of costs and fees under Fed. R. Civ. P. 37(b)(2)(C).

     Cerner further requests that the Court expressly permit further requests for relief as may be shown to be appropriate by further review and analysis of the belatedly-produced materials or further developments in this matter.

DATED March 18, 2024.

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: *s/ Garrett S. Garfield*
    Garrett S. Garfield, WSBA No. 48375
    E-mail:garrett.garfield@hklaw.com
    601 SW Second Avenue, Suite 1800
    Portland, Oregon 97204
    Telephone:  503.243.2300
    Fax:  503.241.8014

    Warren E. Gluck, *Pro Hac Vice*
    E-mail: warren.gluck@hklaw.com
    31 W. 52nd Street
    New York, New York 10019
    Telephone: 212.513.3200

    Richard A. Bixter Jr., *Pro Hac Vice*
    Email: richard.bixter@hklaw.com
    150 N. Riverside Plaza, Suite 2700
    Chicago, Illinois 60606
    Telephone: 312.422.9032

*Attorneys for Cerner Middle East Limited*

CERNER MIDDLE EAST LIMITED'S
REQUEST FOR DISCOVERY SANCTIONS: CASE NO. 20-
42710-MJH– PAGE 12

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, Oregon 97204
Telephone:  503.243.2300

Case 20-42710-MJH   Doc 1325   Filed 03/18/24   Ent. 03/18/24 17:32:37   Pg. 12 of 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**<u>CERTIFICATE OF SERVICE</u>**

I certify that, on March 18, 2024, I caused to be electronically filed the foregoing CERNER MIDDLE EAST LIMITED'S MOTION FOR EVIDENTIARY DISCOVERY SANCTIONS and served electronically via this court's CM/ECF case management system upon all parties registered for such service for the above-numbered and above-captioned cases.

/s/ Garrett S. Garfield

CERTIFICATE OF SERVICE – 1

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

Case 20-42710-MJH    Doc 1325    Filed 03/18/24    Ent. 03/18/24 17:32:37    Pg. 13 of 13