Honorable Mary Jo Heston
Chapter: 11
Hearing Date: April 10, 2024
Hearing Time: 11:00 a.m.
Location: Courtroom H, Union Station, Tacoma Washington

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>Vandevco Limited and Orland, Ltd.,<br><br>Debtor(s). | Case No. 20-42710-MJH (Lead Case)<br><br>Case No. 20-42711-MJH (Jointly administered)<br><br>UNITED STATES TRUSTEE'S STATEMENT ON TIMING OF APPOINTMENT OF A CHAPTER 11 TRUSTEE |

Acting United States Trustee for Region 18, Gregory M. Garvin ("U.S. Trustee"), hereby presents his statement on whether the Court should order the appointment of a chapter 11 trustee. Debtors are facing their second major sanction related to discovery, and due to this delay, there are serious questions as to whether Debtors, and their counsel, can be relied upon to timely prosecute this case. Therefore, resolution of this case likely requires the appointment of a Chapter 11 trustee; however, the timing of the appointment largely depends on the sanctions issued by the Court and the complexity of the issues that remain after the Court's ruling.

## A. BACKGROUND

The Debtors are facing a second motion for sanctions after years of litigation that has led to almost no substantive progress in this case. While the cause and effect of Debtors' most recent production issues are unclear, the other facts that confirm the necessity of a trustee appear to be undisputed.

RESPONSE OF THE UNITED STATES TRUSTEE
- 1

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,

Case 20-42710-MJH    Doc 1349    Filed 04/01/24    Ent. 04/01/24 14:02:08    Pg. 1 of 7

On July 29, 2021, the Court ordered the appointment of an examiner to determine:

1. Whether [Belbadi Enterprises, LLC ("Belbadi")] is in possession of records belonging to the Debtor that have not been turned over in discovery;

2. Whether the Debtors have had control over any such records from the time Cerner Middle East [("Cerner")] commenced its U.S. litigation on July 20, 2016, through to the present; [and]

3. Whether Belbadi is, controlling what discovery the Debtors are producing.

ECF #520, pg. 2. Thereafter, on December 9, 2021, Judge Randall J. Newsome, Retired, was appointed examiner (the "Examiner"). ECF #528.

The Examiner issued his report on February 25, 2022, and found (1), that there was no clear line between Debtors' corporate records and those of its corporate parent (ECF #614, pg. 13); (2) that at least until December 2017, when Ziad Elhindi ("Elhindi"), who was also the sole director/officer/manager/member of the Debtors, resigned from his position as CEO of Belbadi, Debtors had control over Debtors' and Belbadi's corporate records (*id.* pg. 14) but did not collect or retain them (ECF #691, pg. 4); and (3) that Belbadi was not controlling discovery and that Debtors had produced all non-privilege documents in their possession. ECF #614 pg. 15. Furthermore, the Court found that as of July 20, 2016, the date Cerner filed its lawsuit against Debtors, that "the Debtors had a duty to preserve the [electronically stored information ("ESI")]" from Elhindi's Belbadi email account (the "Belbadi Account"). ECF #691, pg. 8.

Approximately one month after the Examiner issued his report, Cerner filed a motion to compel turnover of Debtor's books and records (the "Motion to Compel"). ECF #661. On April 12, 2022, Debtors filed their response to the Motion to Compel, stating that, "Belbadi has made abundantly clear that it would neither participate in the litigation of Cerner Middle East's claims nor respond to its demands for discovery," and that the lack of discovery was due to, "[t]he limits of the forum in which Cerner Middle East has relentlessly sought to litigate." ECF #676, pg. 20.

RESPONSE OF THE UNITED STATES TRUSTEE - 2

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,

Case 20-42710-MJH    Doc 1349    Filed 04/01/24    Ent. 04/01/24 14:02:08    Pg. 2 of 7

The Court held a hearing on the Motion to Compel on April 19, 2022, and issued its written decision on April 26, 2022.

The Court did not adopt Debtors' arguments. In ruling on the Motion to Compel, the Court stated that, "[d]espite the Examiner's Report being filed two months ago, the Debtors have yet to take responsibility for their failure to preserve their records, acknowledge any prejudice created by the spoliation, or offer any remedy to mitigate the prejudice." ECF #691 at 14. As a result, the Court awarded fees and cost to Cerner, "incurred in bringing the Motions to Compel and appearing at the April 19, 2022, hearing." *Id.* The Court ultimately awarded Cerner $114,877.00 for its time and expenses. ECF #743. Thus, while Debtor's failure to preserve ESI caused the problem, it was Debtors' post-petition inaction that unnecessarily cost the estate $114,877.00. *Id.*

In the order on the Motion to Compel, the Court also ordered production of documents from the Debtors within 30 days, or they would face additional evidentiary sanctions. ECF #691, pg. 16. This deadline was ultimately extended by agreement to May 1, 2023. ECF #937. Non-expert Discovery cutoff was then set as March 13, 2024. ECF #1307. Per the declaration of Garret S. Garfield, Debtors produced approximately 38,000 pages of documents on or around May 10, 2023, with a much smaller, supplemental production, of 125 pages being made on or around August 8, 2023. ECF #1326, pg. 1.

Debtors then turned over 30,000 additional pages of documents on or around March 8, 2024, and then a further 30,000 documents on or around March 13, 2024. *Id.* pg. 2. At least some of the documents appear to be relevant and were not produced elsewhere. *See* ECF #1325, pg. 9. While the volume of the production at such a late date is itself prejudicial and has caused needless expense and delay, the totality of the harm is impossible to measure until either Cerner or Debtors introduce evidence regarding the contents of the additional documents.

RESPONSE OF THE UNITED STATES TRUSTEE - 3

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,

Case 20-42710-MJH    Doc 1349    Filed 04/01/24    Ent. 04/01/24 14:02:08    Pg. 3 of 7

Further, Debtors have yet to fully articulate why they did not turn these documents over earlier. Debtors' justification for their late production of documents is that they were only "supplementing" their production of the 30,000 original documents when they produced the 60,000 additional documents. Debtors repeatedly refer to the 60,000 documents as a "supplemental production," (*see* e.g. ECF #1329), likely to downplay their failure and counsels' failure to comply with discovery. Furthermore, Debtors seem to discount the harm or prejudice they caused because, "Cerner Middle East was indisputably on notice that a supplemental production was forthcoming." ECF #1329, pg. 4.

Excuses aside, Debtors have undisputedly caused the cancelation of the evidentiary hearing set for April 29, 2024, and further delayed resolution of the fundamental issue in this case from day one – does Cerner Middle East hold a claim against these Debtors? However, yet to be resolved is Debtors' culpability and the total cost to the parties in terms of adverse evidentiary rulings, monetary sanctions, and lost time and expenses. Unfortunately, a Chapter 11 trustee will have difficulty answering these questions and cannot be expected to step into a case after the April 10th hearing ready to litigate these issues within a few weeks.

Therefore, the U.S. Trustee would prefer that the discovery issues be addressed first. The sanctions imposed by the Court on the Debtor may negate the need for an evidentiary hearing. Thereafter, if no further questions about production remain (because, for example, the Court issues a terminating sanction as to the issue of the Debtors liability to Cerner Middle East) then a Chapter 11 Trustee could, and should, be appointed immediately without further delay to step in and finally resolve this case.

However, if the Court wants to set further hearings as to the discovery issues or wants the evidentiary hearing to go forward, the U.S. Trustee would like to hear the expected parameters of

RESPONSE OF THE UNITED STATES TRUSTEE

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,

Case 20-42710-MJH    Doc 1349    Filed 04/01/24    Ent. 04/01/24 14:02:08    Pg. 4 of 7
- 4 -

such proceedings and what role a Chapter 11 trustee could, or would, be expected to play in them, before taking a position on whether a trustee should be appointed now or later.

## B. ANALYSIS

### A. Grounds Exist to Appoint a Trustee

Debtors' gross mismanagement of the litigation requires the appointment of a trustee. The court shall order the appointment of a trustee --

> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

11 U.S.C. § 1104(a)(1). The Court is not limited to the enumerated "causes" when deciding whether to appoint a chapter 11 trustee. The terms "include" and "including" are not limiting. § 102(3).

> Other factors relevant to the appointment of a trustee under Section 1104(a)(1) include "conflicts of interest, including inappropriate relations between corporate parents and the subsidiaries; misuse of assets and funds; inadequate record keeping and reporting; various instances of conduct found to establish fraud or dishonesty; and lack of credibility and creditor confidence. A court may consider both the pre- and post-petition misconduct when making the determination that "cause" exists for the appointment of a trustee."

*In re Klaynberg*, 643 B.R. 309, 318 (Bankr. S.D.N.Y. 2022) (internal citations omitted).

In the present case, the Court has already found Debtors failed to keep or preserve adequate pre-petition records when Elhindi left the Debtors. Specifically, the Examiner found, and the Court agreed, that there was no clear line between Debtors' corporate records and those of its corporate parent (ECF #614, pg. 13), and that Debtors had a duty to preserve ESI after the filing of Cerner's lawsuit, but that Debtor failed to collect or retain those records. *Id.* pg. 14.

RESPONSE OF THE UNITED STATES TRUSTEE - 5

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,

Case 20-42710-MJH    Doc 1349    Filed 04/01/24    Ent. 04/01/24 14:02:08    Pg. 5 of 7

Debtor's failure to keep or preserve these records has added to the complexity and expense of the ongoing litigation with Cerner.

Further, post-petition, Debtors resistance to discovery after voluntarily commencing these cases has cost the estates $114,887.00 in discovery sanctions. ECF #743. These fees and costs were awarded, in part, because Debtors did not, "take responsibility for their failure to preserve their records, acknowledge any prejudice created by the spoliation, or offer any remedy to mitigate the prejudice." Instead, Debtors blamed Belbadi and "[t]he limits of the forum in which Cerner Middle East has relentlessly sought to litigate." ECF #676, pg. 20.

Now, for a second time, Debtors are facing sanctions for their discovery conduct, and once again Debtors do not acknowledge the prejudice. Instead, Debtors try to characterize the production of 60,000 documents as a supplement. While sanctions for this current issue have not yet been determined, at a minimum, the hearing scheduled for April 29, 2024, has been taken off the calendar. As a result, many hundreds of thousands of dollars' worth of time have potentially been wasted. Debtors' failure to mitigate, or even acknowledge these issues in their written pleadings, plus the actual monetary damages they have caused to the estate, are cause to appoint a chapter 11 trustee.

However, as stated above, the timing of when the Court should order such appointment should be determined after the discovery issues are resolved and the next steps to resolve Cerner Middle East's potential claim have been more clearly defined.

WHEREFORE, the United States Trustee respectfully requests that the Court order, at an appropriate time, that a chapter 11 trustee be appointed.

DATED this Monday, April 1, 2024,

Respectfully submitted,

RESPONSE OF THE UNITED STATES TRUSTEE

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,

Case 20-42710-MJH    Doc 1349    Filed 04/01/24    Ent. 04/01/24 14:02:08    Pg. 6 of 7
- 6 -

Gregory M. Garvin
Acting U.S. Trustee for Region 18

/s/ Matthew J.P. Johnson
Matthew J.P. Johnson, WSBA #40476
Attorney for the United States Trustee

RESPONSE OF THE UNITED STATES TRUSTEE - 7

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,

Case 20-42710-MJH    Doc 1349    Filed 04/01/24    Ent. 04/01/24 14:02:08    Pg. 7 of 7